# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| 655 Third Avenue | 1010 Northern Boulevard |
| --- | --- |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

April 13, 2017

*Via ECF and First Class Mail*
The Honorable Steven I. Locke
United States Magistrate Judge for the
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

   Re: *Cabrera v. Stephens, et al.* Case No. 16-cv-03234 (ADS)(SIL)

Dear Judge Locke:

  As the Court knows, we represent the named-Plaintiff, Ines Cabrera, as well as opt-in Plaintiff Ivan Sinchi, (together, as "Plaintiffs"), in the above-referenced wage and hour putative class and collective action against Christopher Stephens, a 7-Eleven franchisee, and Atuallah Khan, Plaintiffs' manager (together, as "Defendants") (collectively, with Plaintiffs, as "the Parties") for, *inter alia*, unpaid minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). We are regrettably faced with no choice but to write, pursuant to Rule 4.a.i of Your Honor's Individual Rules and Local Civil Rules 37.3, regarding Defendants' abject failure to meaningfully participate in discovery in this matter. For the reasons described below, we respectfully request that this Court compel Defendants to produce certain additional relevant and discoverable documents, and pay all reasonable attorneys' fees and costs incurred as a result of this discovery dispute pursuant to Fed. R. Civ. P. 37(a)(5)(A).

  On November 30, 2016, Plaintiffs served their First Set of Requests for Production of Documents and First Set of Interrogatories, attached here as **Exhibits A** (Document Requests) and **B** (Interrogatories). On the morning of January 27, 2017 - - the jointly agreed-upon extended deadline for responses - - Defendants, through counsel, who had served Plaintiffs with requests also on November 30th, requested that the Parties further extend their deadlines by at least an additional two weeks. In response, undersigned counsel offered a compromise: in light of the potential harm to the putative members of the FLSA § 216(b) collective, Plaintiffs would agree to extend the response deadline in exchange for corresponding tolling of the putative members' statute of limitations. An email memorializing this proposal, along with the proposed tolling stipulation, is attached here as **Exhibit C**. Defendants never responded to this proposal, so at 5:56 p.m. on January 27, 2017, we served Plaintiffs' responses to Defendants' discovery

requests and interrogatories. The email confirming Defendants' refusal to compromise, and Plaintiffs' service, is attached as **Exhibit D**.

Defendants did not serve their responses on January 27, 2017. Instead, on January 30, 2017, Defendants' counsel requested that we provide a courtesy Microsoft Word version of Plaintiffs' requests to help facilitate Defendants' responses - - seemingly for the first time. We provided courtesy electronic copies to Defendants that day, again referencing the January 27, 2017 proposed tolling stipulation, even offering to retroactively extend Defendants' response deadline. *See* **Exhibit E**. But Defendants never agreed; instead, Defendants served their responses, containing repeated boilerplate objections to Plaintiffs' requests, on February 10, 2017. Defendants' responses are attached here as **Exhibit F** (Documents Requests) and **G** (Interrogatories). The only produced documents were payroll records, time records, and IRS form W-2s for named Plaintiff Ines Cabrera.

On March 7, 2017, consistent with our obligations under Your Honor's Individual Rules, this Court's Local Civil Rules, and the Federal Rules of Civil Procedure, we served Defendants with a discovery deficiency letter, attached here as **Exhibit H**. Plaintiffs' March 7th letter enumerated a series of egregious discovery abuses in Defendants' responses, and specifically called for the production of documents and information responsive to the following requests and interrogatories, the following of which remain outstanding following efforts to meet-and-confer:

- Metadata, in general, for any produced documents, e.g., time records (*see* **Exhibit A** at 3).

- Document Requests 1-5 (*see* **Exhibit A** at 7-8): seeking Defendants' corporate structure; and franchise agreements with the 7-Eleven corporate entity. *See* **Exhibit H** at 4.

- Document Request 6 and 7 (*see* **Exhibit A** at 8, 9-10); Requests 13, 15, and 19: documents reflecting hours and pay of all hourly employees, as well as documents reflecting who were those employees' supervisors; documents relating to recordkeeping procedures for Defendants' employees. *See* **Exhibit H** at 4-5.

- Document Requests 39 and 40 (*see* **Exhibit A** at 13): documents reflecting the "daily, weekly, monthly, and year gross sales" and "labor costs" for Defendants' 7-Eleven stores, explaining how these documents are necessary under Plaintiffs' theory of the case - - that Defendants only paid Plaintiffs and other hourly employees enough money to ensure that any given 7-Eleven store's payroll did not exceed a certain percentage of that store's weekly sales. *See* **Exhibit H** at 6; *see also* ECF # 22-1, declaration of Muhammad Anwar (specifically describing this alleged scheme).

- Interrogatories 7 through 11 (*see* **Exhibit B** at 7-8): requesting information relating to the person or persons responsible for maintaining Defendants' timekeeping and payroll systems. *See* **Exhibit H** at 7.

Receiving no response for ten days, on March 17, 2017, we followed up with counsel for Defendants regarding our March 7th letter. *See* **Exhibit I**. The following week, we spoke with counsel for Defendants who, during a telephonic meet-and-confer, represented that Defendants would supplement production to include documents for opt-in Plaintiff Ivan Sinchi, but would neither confirm nor deny whether Defendants would produce any other documents. *See* **Exhibit J**. Then, by letter dated April 7, 2017 - - attached here as **Exhibit K** - - Defendants responded to Plaintiffs' March 7th letter, refusing to supplement their production other than by re-producing the previously produced documents in a virtually identical format, and again agreeing to produce the same category of documents for opt-in Plaintiff Ivan Sinchi "under separate cover." *See generally* **Exhibit K**. Curiously, citing *Uto v. Job Site Servs. Inc.*, 269 F.R.D. 209 (E.D.N.Y. 2010), and otherwise providing no relevant rationale as to why the requested documents were being withheld, Defendants refused to produce documents reflecting any sales and/or labor costs reports. *See* **Exhibit K** at 1. In their April 7th letter, Defendants completely ignored the declaration of Muhammad Anwar, which provided specific evidence to support production of these documents. Defendants also evidently forgot that the Parties specifically addressed this likely dispute with Your Honor at the November 9, 2016 initial conference, where Your Honor strongly suggested that the Court *would* order production of this information once Plaintiffs produced a statement from a person with knowledge describing the alleged scheme (despite undersigned counsel pointing to the Anwar Declaration and reminding Defendants of the same in the March 7th letter).

In a last-ditch effort to avoid motion practice, on April 10, 2017, undersigned counsel proposed, at least until the Court resolves Plaintiffs' pending motion for conditional certification with respect to a collective of individuals working at Defendants' store locations other than in Montauk, conditionally limiting requests for Defendants' sales and labor reports to a limited time period and restricting the requests to solely Defendants' Montauk 7-Eleven store; but Defendants rejected that proposal. *See* **Exhibit L**. Accordingly, for the reasons described above - - and for the reasons described in Plaintiffs' March 7th / **Exhibit H** deficiency letter - - we respectfully request that the Court Order Defendants to produce documents and information responsive to the above-enumerated requests and interrogatories, and to Order Defendants to pay Plaintiffs' reasonable attorneys' fees and costs incurred to make this motion and obtain the requested relief.

Respectfully submitted,

Michael R. Minkoff, Esq.
*For the Firm*

Copies to:    Counsel for all Defendants (via ECF)

3